# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | John W. Darrah |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9401 | **DATE** | 12/6/12 |
| **CASE TITLE** | Danny Brown (B-34810) v. Illinois Department of Corrections, et al. | | |

### DOCKET ENTRY TEXT

The Court denies Plaintiff's motion for leave to file *in forma pauperis* [3] without prejudice to reconsideration should he renew his motion in compliance with this order. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application, an amended civil rights complaint form with instructions, and a copy of this order. Plaintiff's failure to fully comply with this order will result in dismissal of this matter in its entirety.

■[For further details see text below.]    Docketing to mail notices.

### STATEMENT

Plaintiff, Danny Brown, a prisoner at the Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff submitted an *in forma pauperis* application but it is does not include the required, timely information. Northern District of Illinois Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis*, using the court's form and signing under penalty of perjury. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. The Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint. 28 U.S.C. § 1915(b)(1). Plaintiff's *in forma pauperis* application does not include a certified copy of his trust fund account statement for the 6-month period immediately preceding the lodging of the complaint – the trust fund account is from September 10, 2012, and was certified on September 10, 2012; thus, the Court is unable to determine Plaintiff's present ability to pay the filing fee. If Plaintiff wants to proceed on amended complaint (see below), he must file a new motion for leave to file *in forma pauperis* on the court's form and have an authorized official(s) provide information regarding Plaintiff's trust fund account(s), including a copy of his trust fund account(s) for the 6-month period immediately preceding the lodging of the complaint. Plaintiff must also write the case number in the space provided for it. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

Furthermore, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that on March 6, 2012, he was placed at Stateville Correctional Center Norther Reception Center on a parole violation. He alleges that the parole violation was "only to last 24 mo[n]ths" and he "ended up" being held an extra 93 days. He further alleges that he filed several grievances that Counselor Barnes never sent to the grievance officer. Lastly, he alleges that all of his parole documents were lost at Stateville. Plaintiff seeks "monetary relief." Plaintiff names the Illinois Department of Corrections and Counselor Barnes as Defendants.

The Illinois Department of Corrections is not a suable entity because it is immune from suit under Eleventh Amendment. *See Joseph v. Board of Regents of Univ. of Wis. System*, 432 F.3d 746, 748 (7th Cir. 2005). Furthermore, Plaintiff's present allegations also do not state a claim against Counselor Barnes. The only allegations against Counselor Barnes is that Barnes failed to forward his grievances to a grievance officer. An inmate does not have a

## STATEMENT

substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, that an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, Plaintiff does not allege that the failure to send his grievances to the grievance officer resulted in the denial of his right to access to the courts. Thus, Plaintiff has failed to state a due process claim against Counselor Barnes.

Lastly, Plaintiff's minimal allegations do not sufficiently allege a constitutional violation against a named Defendant. Based on the dates provided by Plaintiff and his allegation that his parole violation was to last 24 months, no violation could have occurred.

Based on the above, Plaintiff complaint is dismissed without prejudice for failure to state a claim. Plaintiff is granted thirty days to file an amended complaint consistent with is order. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

In summary, Plaintiff is granted thirty days to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. Plaintiff's failure to fully comply with this order will result in dismissal of this case.